Wachtler, J.
(concurring). Although I agree that paragraph "b” of subdivision 1 of section 65.00 of the Penal Law possesses sufficient rationality to withstand the instant constitutional challenge, I am compelled to express my concern with the prosecutor’s unbridled discretion to withhold recommending probation. Regardless of a defendant’s actual co-operation, under the present statute the prosecutor may arbitrarily quell the possibility of probation without review of any sort. It is my view that since the Legislature has spelled out the predicate for probationary treatment, i.e., providing material assistance, the prosecutor’s determination should not be beyond the neutral eyes of the judiciary. This absence of reviewability is especially enigmatic in view of the statute’s explicit requirement (in virtually identical language) that in considering whether or not to accept a recommendation the court must believe that the defendant "has or is providing material assistance”. And whereas the court may benefit from the *303 prosecutor’s participation in or recommendations regarding probation, it must be remembered that the prosecutor is in an adversarial posture. Consequently, it would be far more appropriate for this type of discretion to be exercised by the court.
Chief Judge Breitel and Judges Jasen and Cooke concur with Judge Gabrielli; Judge Wachtler concurs in a separate opinion; Judges Jones and Fuchsberg dissent and vote to reverse on the dissenting memorandum by Mr. Justice James D. Hopkins at the Appellate Division (49 AD2d 621).
Order affirmed.